**ASK LLP**
Joseph L. Steinfeld, Jr., Esq.
(*Pro Hac Vice Pending*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
**Telephone**: (651) 406-9665 **Fax** (651) 406-9676

Edward E. Neiger, Esq.
Brigette G. McGrath, Esq.
151 West 46th Street, 4th Floor
New York, NY  10036
**Telephone**: (212) 267-7342   **Fax** (212) 918-3427
**e-mail**: bmcgrath@askllp.com

Attorneys for Plaintiff, Peter S. Kravitz, Litigation Trustee
for the LHI Liquidation Co., Inc., et al. Litigation Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LHI Liquidation Co., Inc., *et al.*,[1]<br><br>                                                        Debtors. | Case No. 13-14050 (MG)<br><br>Chapter 11<br><br>(Jointly Administered) |
| Peter S. Kravitz, Litigation Trustee<br>For the LHI Liquidation Co., Inc., et al.<br>Litigation Trust,<br><br>                                                        Plaintiff,<br><br>vs.<br><br>Geneva Watch Group, Inc. dba Geneva Watch Co. Inc.,<br><br>                                                        Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548, AND 502 AND TO RECOVER**
**PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) LHI Liquidation Co. Inc. (f/k/a Loehmann's Holdings Inc.) (9380); (ii) LI Liquidation Co. Inc. (f/k/a Loehmann's, Inc.) (1356); and (iii) LOC Liquidation Co. Inc. (f/k/a Loehmann's Operating Co.) (6681).

Peter S. Kravitz, Litigation Trustee For the LHI Liquidation Co., Inc., *et al.* Litigation Trust (the "Trustee"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Geneva Watch Group, Inc. dba Geneva Watch Co. Inc. (the "Defendant"), and in support thereof allege upon information and belief that:

## NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of LHI Liquidation Co., Inc., *et al.*'s (the "Debtors") bankruptcy proceeding pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, Plaintiff also seeks to recover all fraudulent conveyances pursuant to 11 U.S.C. § 548.  To the extent that Defendant filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 11 estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Southern District of New York, Manhattan Division (the "Court"), Case No. 13-14050 (MG), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

7. On December 15, 2013 (the "Petition Date"), the Debtors commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On December 17, 2013 the Court entered an *Order Directing Joint Administration of the Chapter 11 Cases Under Section 302 of the Bankruptcy Code and Bankruptcy Rule 1015(b)* [Docket No. 43].

9. On April 21, 2014 the *Debtors filed Debtor's Joint Plan of Liquidation* (the "Plan") [Docket No. 529].

10. On July 22, 2014 the Court entered an *Order Confirming Debtors' Joint Plan of Liquidation* (the "Order") [Docket No. 673].

11.     On September 17, 2014 (the "Effective Date"), the Plan became effective. [Docket No. 740].

12.     Pursuant to the Litigation Trust Agreement (the "Litigation Trust Agreement") [Docket No. 648-1], on the Effective Date, the Debtors transferred certain assets to the LHI Liquidation Co. Inc., *et al*. Litigation Trust (the "Trust") including the claims stated herein.

13.     Pursuant to the Order and Litigation Trust Agreement, the Trustee was appointed and given the power and standing to prosecute the claims alleged herein.

### THE PARTIES

14.     Prior to the Petition Date, the Debtors were a leading national specialty retailer, offering well-known designer and brand name women's fashion apparel, accessories and shoes, and men's and children's apparel and furnishings. The Debtors were headquartered at 2500 Halsey Street, Bronx, NY 10461 and operated 39 stores in major metropolitan areas located in 11 states and the District of Columbia and had approximately 1,600 employees. The Debtors are an integrated business with common management and they share key financial and operational systems. Loehmann's Holdings Inc. was the direct parent or owner of Loehmann's, Inc., which owns 100% of the common stock of Loehmann's Operating Co.[2]

15.     Upon information and belief, at all relevant times, Defendant designs, manufactures and distributes digital and analog watches and clocks. Upon further information and belief, Defendant's principal place of business is located at 1407 Broadway, Suite 400, New York, NY 10018. Upon information and belief, Defendant is a corporation residing in and subject to the laws of the State of New York.

---

[2] A chart reflecting the corporate organization of the Debtors is attached as Exhibit "A" to the Declaration of William Thayer Pursuant to Local Bankruptcy Rule 1007-2 and In support of Chapter 11 Petitions and First Day Motions [Docket No. 19] and is incorporated herein by reference.

4

**FACTUAL BACKGROUND**

16.     Prior to the Petition Date, the Debtors, operating a chain of specialty retail stores, maintained business relationships with various business entities, through which the Debtors regularly purchased goods and services.

17.     As a chain of specialty retail stores, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers, and distributors. The Debtors, as a chain of specialty retail stores, also regularly paid for services used to facilitate their operations.

18.     In the ordinary course of business, the Debtors maintained a centralized cash management system and procedure[3] (the "CMS") to efficiently collect, transfer and disburse funds generated by the Debtors' business operations. The Debtors accurately recorded such collections, transfers and disbursements as they were made.

19.     The Debtors generated revenue primarily through their retail stores. Cash and check receipts were deposited into a store depository account (the "Store Depository Account") maintained at Wells Fargo, N.A. ("Wells Fargo") ending in the number 2389. Credit card receipts were funded by the Debtors' credit card processors via wire nightly to the Store Depository Account. The Debtors' corporate offices also received miscellaneous wires and checks which were deposited into a collections account (the "Corporate Collections Account") maintained at Wells Fargo account ending in the number 5549.

20.     Funds from the Store Depository Account and the Corporate Collections Account were swept into a collection account (the "Collection Account"). Pursuant to a revolving credit

---

[3] Additional detail regarding the Debtors' CMS is contained in the *Debtors' Motion for Interim and Final Orders Under Sections 105(a), 345, 363, 364 and 503(b)(1) of the Bankruptcy Code (I) Authorizing (A) Continued Use of Existing Cash Management System, (B) Continued Maintenance of Existing Bank Accounts and (C) Continued Use of Existing Business Forms and (II) Granting Administrative Expense Status for Intercompany Claims* (the "Cash Management Motion") [Docket No. 13] and is incorporated herein by reference.

agreement with Wells Fargo as lender, administrative agent and collateral agent, Wells Fargo swept the Collection Account on a daily basis except for $50,000.00, to repay amounts outstanding under the revolving credit agreement. Wells Fargo would then make new advances to an operating account (the "Master Operating Account") maintained at Wells Fargo account ending in the number 2397 as needed.

21.     After Wells Fargo made advances into the Master Operating Account, the Debtors would fund various disbursement accounts to fund their obligations including expenses through an expense account (the "Expense Account") maintained at Wells Fargo ending in number 7462 and merchandise obligations through a merchandise account (the "Merchandise Account") maintained at Wells Fargo ending in number 7477[4].

22.     While the Debtors maintained the CMS, they accounted for obligations that arose between the Debtors through book entries on the Debtors' books and records.

23.     During the ninety (90) days prior to the Petition Date, that is between September 16, 2013 and December 15, 2013 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise to certain entities, including the Defendant.

24.     During the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and

---

[4] A diagram illustrating the flow of funds through the CMS is attached to the Cash Management Motion as Exhibit "A" and is incorporated herein by reference.

6

incorporated by reference as Exhibit "A." Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

25. The Debtors and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

26. As identified in the Agreements, the Debtors purchased goods and/or services from Defendant.

27. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

28. Plaintiff has determined that the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $29,069.00 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A." Such details include "Check Number," "Check Amount," and "Check Clear Date."

29. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become

7

known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

30. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g) of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

31. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

32. Each Transfer was made to Defendant by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor Transferor(s)."

33. While the Debtors maintained the CMS, they accounted for obligations that arose between the Debtors through book entries on the Debtors' books and records.

34. Each Transfer constituted a transfer of an interest in property of the Debtors as identified in Exhibit "A."

35. During the Preference Period, Defendant was a creditor at the time of each Transfer by virtue of supplying goods and/or services identified in the Agreements to the Debtors as identified in Exhibit "A" for which the identified Debtors were obligated to pay following delivery in accordance with the Agreements. See Exhibit "A".

36. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s)" Incurring Antecedent Debt" to Defendant. See Exhibit "A".

8

37. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors. See Exhibit "A."

38. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

39. Each Transfer was made during the Preference Period. See Exhibit "A."

40. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed its assets to the point the unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

41. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Alternatively, To Avoid Fraudulent Conveyances
### Pursuant to 11 U.S.C. § 548(a)(1)(B))

42. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

43. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers as identified on Exhibit "A" were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A. The Debtors were insolvent on the date that the Potentially Fraudulent Transfer(s) were made or became insolvent as a result of the Potentially Fraudulent Transfer(s); or

    B. The Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors who made or for whose benefit the Transfer(s) were made was an unreasonably small capital; or

    C. The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

44. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

45. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

46. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548. The Transfers and, any Potentially Fraudulent Transfers, are collectively referred to herein as "All Avoided Transfers."

47. Defendant was the initial transferee of All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the entity for whose benefit All Avoided Transfers were made.

48. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

49. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

50. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

51. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548.

52. Defendant has not paid the amount of All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

53. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

54. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estate previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant them the following relief against Defendant:

As to Counts I through IV, that the Court enter a judgment against Defendant:

A. That All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548, in the total aggregate amount of not less than $29,069.00 as identified on Exhibit "A" be avoided;

B. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and/or 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated:   July 21, 2015

By:   ASK LLP

/s/  Brigette G. McGrath
Edward E. Neiger, Esq.
Brigette G. McGrath, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
e-mail:  bmcgrath@askllp.com

and

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0381995
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665  ext. 846
Fax: (651) 406-9676
e-mail: kcasteel@askllp.com

Attorneys for Plaintiff, Peter S. Kravitz, Litigation Trustee for the LHI Liquidation Co., Inc., et al. Litigation Trust